NITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REGINALD K. TOWNSEND,

             Petitioner,

    v.

WARDEN,

             Respondent.

Civil Action No. 20-3436 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction and transfer the Petition to the United States Court of Appeals for the Seventh Circuit.

## I.      BACKGROUND

The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. After a trial, a jury convicted Petitioner "of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d) and a separate count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)." *United States v. Townsend*, 419 F.3d 663, 663–64 (7th Cir. 2005).

In July of 2003, the United States District Court for the Northern District of Indiana sentenced Petitioner "to imprisonment of 300 months for count one of his conviction and 84 months for count two, with the terms to run consecutively." *Id.* In particular, the court enhanced Petitioner's sentence, after determining that Petitioner "was a career offender under United States Sentencing Guideline § 4B1.1, based on his two prior convictions for crimes of violence." *Id.*

Petitioner appealed, and the Seventh Circuit affirmed, with the exception of a limited remand, "to determine whether [the district court] would be inclined to sentence Townsend to a lesser sentence," in light of *United States v. Booker*, 543 U.S. 220 (2005) (holding, among other things, that the sentencing guidelines are advisory rather than mandatory). *Townsend*, 419 F.3d at 666. After remand, the district court "determined that it would impose the same sentence . . . even in light of the advisory nature of the Guidelines," and the Seventh Circuit affirmed the sentence as reasonable. *United States v. Townsend*, 168 F. App'x 737 (7th Cir. 2006).

It appears that Petitioner did not file a § 2255 motion until June of 2016. Petitioner argued, after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), that "bank robbery isn't a 'crime of violence' under 18 U.S.C. § 924(c), and so his conviction for using a firearm in connection with a crime of violence can't stand." (*Townsend v. United States*, No. 16-356, (N.D. Ind.), ECF No. 168). Although *Johnson* held that § 924(e)'s "residual clause" defining a "violent felony" was unconstitutional, Petitioner sought to apply the Supreme Court's reasoning to his conviction under § 924(c), which has a similar residual clause that defines a "crime of violence."

Petitioner's sentencing court denied that motion, finding that even if § 924(c)'s residual clause was unconstitutional, the Seventh Circuit held that bank robbery is a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3). (*Townsend*, No. 16-356, (N.D. Ind.), ECF No. 168 (citing *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016), *as amended* (June 26, 2017))). Petitioner did not appeal that decision.

In July of 2019, Petitioner filed a motion to resentence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that § 924(c)'s residual clause defining a "crime of violence" was unconstitutionally vague. Petitioner's sentencing court denied that motion, holding that his § 924(c) "conviction and sentence weren't based on the residual clause, 18 U.S.C. 924(c)(e)(B). He

2

was convicted and sentenced for brandishing a firearm in furtherance of armed bank robbery – a 'crime of violence' under the elements clause, 18 U.S.C. 924(c)(3)(A)." (*Townsend*, No. 16-356, (N.D. Ind.), ECF No. 173).

In March of 2020, Petitioner filed the instant Petition, arguing that his prior robbery "convictions do not qualify him as [a] career offender" in light of *Davis*, 139 S. Ct. 2319, such that he is entitled to "resentencing without the career offender enhancement." (ECF No. 1, at 6–7).

## II.    STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.    DISCUSSION

Petitioner challenges his sentence under 28 U.S.C. § 2241.  Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears

3

> that the remedy by the motion is inadequate or ineffective to test the
> legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other

4

opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

With those principles in mind, Petitioner's argument that his prior robbery convictions no longer qualify as "crimes of violence" under the sentencing guidelines, does not fall within the *Dorsainvil* exception. Petitioner does not allege that he is "actually innocent" as a result of a retroactive change in substantive law that negates the criminality of his conduct. Rather, Petitioner claims that his prior robberies are no longer valid predicates for his career offender enhancement under U.S.S.G. § 4B1.1, in light of *Davis*, 139 S. Ct. 2319.

Such an argument does not fall within the *Dorsainvil* exception because it argues that Petitioner is actually innocent *of a sentencing enhancement* as opposed to being actually innocent of the crime for which he was convicted. *See, e.g.*, *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases).

Petitioner acknowledges this issue and contends, under *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), that this Court has jurisdiction under § 2241 to hear a claim that he is "actually innocent of being a career offender." Petitioner, to his credit, acknowledges that *Brown* is only persuasive authority, which permits certain career offender sentence claims to proceed under § 2241, as a result of § 2255's savings clause, within the Seventh Circuit. *Id.* This Court, however, is within the Third Circuit, and the Third Circuit has held that "career offender sentence claim[s] do[] not fall within the scope of the savings clause." *Garcia v. Warden Ft. Dix FCI*, 596 F. App'x 79, 82 (3d Cir. 2014) (citing *Okereke*, 307 F.3d at 120); *see, e.g.*, *Brown*, 456 F. App'x at 81;

5

*Selby*, 453 F. App'x at 268.  Accordingly, this Court lacks jurisdiction to consider Petitioner's claim.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Seventh Circuit to file a second or successive motion.  28 U.S.C. § 2244(b)(3).  The Court finds that it is in the interest of justice to transfer the Petition to the Seventh Circuit.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction and transfer this matter to the United States Court of Appeals for the Seventh Circuit.  An appropriate Order follows.


DATED:  July 7, 2020                                    s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge